UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDICAID CONSUMERS FOR CONTINUITY OF CARE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES V. MCDONALD in his capacity as the Commissioner of the New York State Department of Health, <br><br> Defendants. | Case No. 1:25-cv-00565 <br><br> **DECLARATION OF** <br> **MELISSA SPENCER** |

1. I live in Rochester, New York, and receive care in my home under New York's Consumer Directed Personal Assistance Program ("CDPAP") to help manage living with Arnold-Chiari Malformation Type 4, plantar fasciitis, rheumatoid arthritis, and swelling of my feet and hands. Arnold-Chiari Malformation Type 4 is a very rare and severe form of the condition where the cerebellum is underdeveloped or missing entirely, often leading to life-threatening complications. Because of Arnold-Chiari Malformation, I suffer from throbbing headaches, dizziness, weak muscles, numbness in my arms and legs, and other chronic complications.

2. I submit this Declaration in support of the Plaintiffs' Motion for a Preliminary Injunction in the above captioned case, and in opposition to Defendant's Motion to Dismiss. I have personal knowledge of the matters set forth in this Declaration. This Declaration is intended to supplement my initial Declaration, dated January 16, 2025 (Dkt. 10).

3. I am a member of Medicaid Consumers for Continuity of Care ("MCCC").

4. After this lawsuit was filed, I enrolled with Public Partnerships LLC ("PPL") on or about February 6, 2025.

5. I did not want to transition to PPL but was concerned that if I did not, there would be an interruption in my CDPAP services. I am a single mother of a minor child. Without CDPAP services, I would be forced to move into an assisted-living facility away from my son. This was a heart wrenching decision. As I noted in my initial Declaration, if PPL fails to pay my personal assistants on time—which I am very concerned about—I will be left in the same predicament and will need to move into an assisted living facility. PPL says that it will take over as my fiscal intermediary on March 1, 2025. I support a preliminary injunction so that I can remain with my existing fiscal intermediary, not PPL. I know my existing fiscal intermediary will not have any problems making payroll to my personal assistants, and I know it has a contract with my insurance company. Neither of those things are true about PPL.

I declare under penalty of perjury that the foregoing is true and correct. Executed on _____February 16_____, 2025

_____*signature*_____

Melissa Spencer